**Steve D. Larson,** OSB No. 863540
Email: slarson@stollberne.com
**Yoona Park,** OSB No. 077095
Email: ypark@stollberne.com
STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. Oak Street, Fifth Floor
Portland, Oregon 97204
Telephone:    (503) 227-1600
Facsimile:    (503) 227-6840

**Seth R. Lesser**
Email: seth@klfterolsen.com
**Fran L. Rudich** (Admitted *pro hac vice*)
Email: fran.rudich@klafterolsen.com
KLAFTER OLSEN & LESSER LLP
Two International Drive, Suite 350
Rye Brook, New York 10573
Telephone:    (914) 934-9200
Facsimile:    (914) 934-9220

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| SANDRA ZIRKEL and RALPH CEDANO, Individually and, on Behalf of All Other Persons Similarly Situated,<br>　　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>THRIFTY PAYLESS, INC. d/b/a RITE AID and RITE AID CORPORATION,<br><br>　　　　　　　　Defendants. | Case No. 3:10-CV-237 KI<br><br>MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL |

I.    INTRODUCTION

　　This case is about Defendants' misclassification of its Oregon assistant store managers ("ASMs") as exempt from overtime under the Oregon Wage and Hour Laws.  Plaintiffs have alleged that Defendants misclassified all ASMs as exempt from overtime under the executive

{SSBLS Main Documents\8032\001\00286681-1 }
PAGE  1 **-** MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL

exemption, even though such ASMs' actual job functions involved no managerial or executive tasks. Defendants refuse to produce the names and addresses of 1) the district managers ("DMs") and store managers ("SMs") in its Oregon stores, and 2) all other Oregon ASMs.

Plaintiffs are entitled to discovery of this information. With regard to the DMs and SMs, Defendants have admitted that the DMs were involved in the decision to classify any particular ASM as exempt or non-exempt from overtime, and that both the DMs and SMs—as supervisors to the ASMs—were involved in deciding each ASM's job duties and responsibilities. Plaintiffs need this information because they are entitled to investigate whether Defendants made a common decision regarding classification, or whether the DMs and SMs made individualized classification decisions regarding each ASM, as alleged by Defendants.

With regard to the identities of the other ASMs, Plaintiffs are entitled to investigate whether the other ASMs were treated similarly to the named Plaintiffs with regards to exempt status, and whether the other ASMs had similar job duties and functions to the named Plaintiffs.

Despite repeated attempts to resolve the outstanding issues, Defendants are unwilling to produce the requested and necessary information. Therefore, Plaintiffs have no choice but to bring this matter before the Court. Plaintiffs seek an order compelling Rite Aid to supplement its responses to Plaintiffs' Interrogatories Nos. 4 and 7.

## II.    ARGUMENT

Plaintiffs are entitled to the discovery they seek. Plaintiffs have a right to discover "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Both of the discovery requests at issue are relevant to one or more claims or defenses that have been asserted in this action.

Plaintiffs are entitled to learn the identities of all Oregon assistant store managers employed by Rite Aid, as well as the identities of the store managers and district managers who were responsible for supervising such ASMs. With regard to the identities of the SMs and DMs (Interrogatory No. 4), a key issue in the case is whether Defendant misclassified the named

{SSBLS Main Documents\8032\001\00286681-1 }

PAGE  2 - MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

plaintiffs and putative class members as exempt from overtime under the Oregon Wage and Hour Laws.  *See* Second Amended Complaint, ¶ 19(d).  While stating that there was no categorical decision to classify ASMs as exempt, Rite Aid has stated that the "District Manager…played a significant role in whether an individual Assistant Store Manager was classified as exempt." Declaration of Yoona Park ("Park Dec."), Ex. 1, p. 5 (Answer to Interrogatory No. 2).  Plaintiffs are thus entitled to discovery of the identities of the Oregon district managers so that they can investigate whether there was a common decision to classify the ASMs as exempt, or whether such decisions were indeed made on an individualized basis.

As to the store managers, Plaintiffs have alleged that Rite Aid improperly classified the named plaintiffs and putative class members as exempt from overtime under the executive exemption in the Oregon Wage and Hour Laws, even though the actual duties worked by the ASMs were not managerial in nature.  *See* Second Amended Complaint, ¶¶ 20-22.  Consequently, the issue of what duties the ASMs actually performed is highly relevant to Plaintiffs' claims in this case.  Rite Aid has stated that the actual duties of the ASMs varied "day-to-day depending on such factors as…the persons who supervise them." Park Dec*.,* Ex. 2, p. 10 (Response to Request for Production No. 12).  Plaintiffs are therefore entitled to discovery of the identities of the SMs and DMs who supervised the putative class members; these persons will have information about the actual job duties worked by the putative class members, information that is highly relevant to class certification.

Lastly, Plaintiffs are entitled to learn the name and address of every ASM employed by Rite Aid in Oregon (Interrogatory No. 7).  Where plaintiffs in a putative class action seek to discover the identity of other potential class members, as here, they are entitled to learn the identity of other potential members of the putative class, so that plaintiffs can conduct class certification discovery on an equal footing with the defendants.  In *Babbitt v. Albertson's,* 1992 WL 605652 (N.D. Cal. 1992) (unreported decision)*,* plaintiffs sought class certification of an employment discrimination suit under Title VII and state law and moved to compel production

{SSBLS Main Documents\8032\001\00286681-1 }
PAGE  3 -  MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL

of the names, addresses, telephone numbers, and social security numbers of 40,000 potential class members. The court granted plaintiffs' motion to compel on the basis that discovery of such information was relevant and could lead to the discovery of admissible evidence relevant to the class certification issue. *Id.* at *5; *see also Wiegele v. Fedex Ground Package System,* 2007 WL 628041 (S.D. Cal. 2007) (unreported decision) (court grants plaintiffs' motion to compel discovery of the names, addresses, phone numbers, and emails of putative class members in state law wage and hour case); *Jimenez, et al. v. Domino's Pizza, LLC,* 2006 U.S. Dist. LEXIS 66510 at *2 (C.D. Cal. 2006) (opinion attached as Ex. 3 to Park Dec.) (court grants plaintiffs' motion to compel discovery of putative class members' names, addresses, and phone numbers in wage and hour misclassification case); *Putnam v. Eli Lilly & Co.*, 508 F. Supp. 2d 812, 814 (C.D. Cal. 2007) (court compels production of names and contact information for putative class members, noting: "Plaintiff has shown a legitimate need for the requested information to determine, among other things, whether common questions of law or fact exist and if plaintiff's claims are typical. The need is especially compelling here where the information to be disclosed concerns not disinterested third parties, but rather potential plaintiffs themselves"); *Whitehorn v. Wolfgang's Steakhouse, Inc.*, 2010 U.S. Dist. LEXIS 58460 (S.D.N.Y. 2010) (opinion attached as Ex. 4 to Park Dec.) (court compels production of names and contact information for putative class members in case involving FLSA and state law claims).[1]

---

[1] Numerous district courts have permitted the discovery of the names and contact information for putative class members in cases involving claims under the FLSA, where standards for certification are lower than they are for a Rule 23 class. *See e.g.*, *Sedtal v. Genuine Parts Co.*, 2009 U.S. Dist. LEXIS 63261, at *7-8 (E.D. Tex. 2009) (opinion attached as Ex. 5 to Park Dec.) (court compels production of putative class members' names and contact information despite defendant's argument that such information would be "premature" prior to conditional certification); *Acevado v. Ace Coffee Bar, Inc.*, 248 F.R.D. 550, 553-54 (N.D. Ill. 2008) (provisional certification not a prerequisite for discovery of names, addresses, and phone numbers of putative class members); *Morden v. T-Mobile USA, Inc*., 2006 U.S. Dist. LEXIS 42047, at *6-7 (W.D. Wash. 2006) (opinion attached as Ex. 6 to Park Dec.) (noting that lower courts addressing whether to permit discovery of the names and addresses of other similarly-situated employees in FLSA actions have "almost universally permitted discovery of this information, albeit often in limited fashion"); *Hammond v. Lowe's Home Centers, Inc*., 216 F.R.D. 666, 671 (D. Kan. 2003); *Fei v. WestLB AG*, 2008 U.S. Dist. LEXIS 33310, at *5-6 (S.D.N.Y. 2008) (opinion attached as Ex. 7 to Park Dec.); *Flores v. Osaka Health SPA, Inc.*, 2006 U.S. Dist. LEXIS 11378, at *4 (S.D.N.Y. 2006) (opinion attached as Ex. 8 to Park Dec.).

{SSBLS Main Documents\8032\001\00286681-1 }

PAGE 4 - MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

Plaintiffs are entitled to conduct discovery on an equal footing with Defendants. In granting plaintiffs' motion to compel, the *Babbitt* court stated that the defendant had access to the information, and that "plaintiffs should have the same access to the information" at the class certification stage. *Babbitt,* 1992 WL 605652 at *5*; *see also Jimenez,* 2006 U.S. Dist. LEXIS 66510 at *2 ("As a general rule, before class certification has taken place, all parties are entitled to 'equal access to persons who potentially have an interest in or relevant knowledge of the subject of the action, but who are not yet parties"). Here, Rite Aid has the names and contact information of all of the ASMs in Oregon, and can freely contact such persons to collect information relevant to class certification issues, including information about the ASMs' actual job duties and responsibilities, information that is highly relevant to plaintiffs' class certification motion. Plaintiffs need the requested information to investigate whether the other ASMs were treated similarly to the named Plaintiffs with regards to exempt status, and whether the other ASMs had the same job duties and functions as the named Plaintiffs. Plaintiffs are entitled to know the identities and addresses of every other Oregon ASM, information to which Rite Aid has ready access.

III.   CONCLUSION

For all of these reasons, Plaintiffs respectfully request that the Court grant its motion to compel.

DATED this 7th day of March, 2011.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.

By:   /s/ Yoona Park
       **Steve D. Larson**, OSB No. 863540
       **Yoona Park,** OSB No. 077095

209 S.W. Oak Street, Fifth Floor
Portland, Oregon 97204
Tel:   (503) 227-1600
Fax:   (503) 227-6840
Email: slarson@stollberne.com
       ypark@stollberne.com

{SSBLS Main Documents\8032\001\00286681-1 }
PAGE  5 - MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

and

KLAFTER OLSEN & LESSER LLP
**Seth R. Lesser**
**Fran L. Rudich** (Admitted *pro hac vice*)
Two International Drive, Suite 350
Rye Brook, New York 10573
Tel:   (914) 534-5200
Fax:   (914) 534-5220
Email: Seth@klafterolsen.com
       Fran@klafterolsen.com

**Attorneys for Plaintiffs**

{SSBLS Main Documents\8032\001\00286681-1 }

PAGE  6 - MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840