Leah C. Lively, OSB #962414
leah.lively@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Congress Center
1001 SW 5th Avenue, Suite 1100
Portland, OR 97204
Telephone:   877.895.6401
Fax:              877.895.6402

Attorneys for Defendants THRIFTY PAYLESS, INC. d/b/a RITE AID and RITE AID CORPORATION

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| SANDRA ZIRKEL, Individually, and on Behalf of All Other Persons Similarly Situated,<br><br>  Plaintiff,<br><br>  vs.<br><br>THRIFTY PAYLESS, INC. d/b/a RITE AID and RITE AID CORPORATION,<br><br>  Defendants. | Civil Case No.: 10-CV-237 KI<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS** |

Defendants Thrifty Payless, Inc. d/b/a Rite Aid ("Thrifty Payless") and Rite Aid Corporation hereby object, and Thrifty Payless responds to Plaintiff's First Set of Interrogatories to Defendants[1] as follows:

---

[1] Rite Aid Corporation was not, and never has been during the relevant time frame, Plaintiff's employer and is not a proper defendant in this matter.

1- DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS

Ogletree, Deakins, Smoak & Stewart, P.C.
Congress Center
1001 SW 5th Avenue, Suite 1100
Portland, OR 97204
Telephone: 877.895.6401
Facsimile: 877.895.6402

Exhibit 1
Page 1 of 15

## DEFENDANT'S GENERAL OBJECTIONS

Defendants make the following general objections to Plaintiff's First Set of Interrogatories (the "Interrogatories"). Any responses provided to Plaintiff's First Set of Interrogatories are without waiver of these general objections, which Defendants incorporate into each and every response below.

1. Defendants object to these Interrogatories to the extent they seek to impose obligations different from those imposed by Rules 26 and 33 of the Federal Rules of Civil Procedure.

2. Defendants object to these Interrogatories to the extent they use terms such as "every," "each," "any," and "all" because such terms are overly broad on their face when dealing with large entities as it is impossible to represent, even after a diligent search, that "every," "each," "any," and "all" information possibly responsive to an Interrogatory directed to Defendants, as entities, is included herein. Defendants' responses are based on a reasonable investigation conducted by, and information presently available to, Defendants. As required by the Federal Rules of Civil Procedure, Defendants will supplement their responses if they subsequently discover additional responsive information.

3. Defendants object to Plaintiff's definitions of "Defendants," "you," and "your" because they are overly broad and include entities and individuals that are not related to this lawsuit and, therefore, do not have information relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to these definitions to the extent they seek to include individuals with information that are protected by the attorney-client and work product privileges.

4. Defendants object to these Interrogatories to the extent they seek information protected by the attorney-client privilege and/or work product doctrine, including but not limited to: (a) materials prepared in anticipation of litigation and trial preparation materials; (b) work product materials, including materials prepared by retained experts other than as required to be

2- DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Congress Center
1001 SW 5th Avenue, Suite 1100
Portland, OR 97204
Telephone: 877.895.6401
Facsimile: 877.895.6402

Exhibit 1
Page 2 of 15

produced, and (c) materials which constitute or reflect communications between Defendants and their agents, representatives or employees made subsequent to the occurrences or transactions upon which this lawsuit is based, for the purposes of rendering legal advice and in anticipation of the prosecution or defense of such claims.

5.    Defendants object to these Interrogatories to the extent that they seek the disclosure of information, documents, or tangible things outside their possession, custody, or control. In particular, Defendants object to Interrogatories that seek to unduly impose on Defendants an obligation to obtain documents and/or information from former employees and agents over whom Defendants have no control.

6.    Defendants object to these Interrogatories to the extent they seek information and/or documents which constitute or contain personal or private information regarding third persons who are not parties to this action *(e.g.,* personal or private information concerning current or former employees of Defendants or any of their predecessors or affiliated entities), sensitive business information, commercially private data and/or proprietary and confidential information. Defendants will only produce such information subject to the parties' Stipulated Protective Order and to the extent such information is not subject to other objections.

7.    Defendants object to these Interrogatories, or portions thereof, to the extent that they contain an overbroad and unduly burdensome geographic scope. Unless otherwise noted, Defendants will provide information and/or documents for their Oregon stores only. In accordance with Plaintiff's instruction at paragraph "O" of the Interrogatories, Defendants construe each Interrogatory as encompassing the following time period only: March 2, 2007, to the present.

8.    Defendants object to these Interrogatories as overbroad and not reasonably calculated to lead to discovery of admissible information to the extent they are not limited to salaried Assistant Store Managers working in Oregon stores during the time period set forth by Plaintiff in paragraph "O."

3- DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Congress Center
1001 SW 5th Avenue, Suite 1100
Portland, OR 97204
Telephone: 877.895.6401
Facsimile: 877.895.6402

Exhibit 1
Page 3 of 15

9.  Defendants are willing to discuss the objections and attempt in good faith to resolve them, or narrow the parties' differences, if any.

10. Defendants' investigation is ongoing, and Defendants reserve the right to supplement these responses.

Subject to and without waiving the foregoing General Objections, Defendants object and Thrifty Payless responds to Plaintiff's First Set of Interrogatories to Defendants as follows:

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:** Identify each person who participated in the decision to classify Assistant Store Managers as exempt employees under the OWHL.

**ANSWER:** Defendants object to Interrogatory No. 1 on the grounds that it is unduly burdensome and overly broad in that it requires Defendants to identify "each person who participated in the decision to classify Assistant Store Managers as exempt employees under the OWHL." Defendants object to Interrogatory No. 1 on the grounds that the phrase "participated in" is vague and ambiguous and assumes all Assistant Store Mangers were classified as exempt in Oregon during the requested time period. Defendants object to Interrogatory No. 1 on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to Interrogatory No. 1 on the grounds that it seeks information not relevant to Phase I certification issues and constitutes improper merits discovery.

Subject to these objections, and the General Objections set forth above, Thrifty Payless responds as follows: during the applicable time period, Thrifty Payless has not categorically classified Assistant Store Managers as "exempt." Rather, Thrifty Payless employed both salaried and hourly Assistant Store Managers. The decision whether to hire a salaried or non-exempt Assistant Store Manager for a particular store was made by that store's individual District

4- DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Congress Center
1001 SW 5th Avenue, Suite 1100
Portland, OR 97204
Telephone: 877.895.6401
Facsimile: 877.895.6402

Exhibit 1
Page 4 of 15

Manager. By way of further response, the decision whether to create a category of salaried and exempt Assistant Store Managers was made by senior-level Human Resources and Store Operations personnel in consultation with other personnel in the Legal department, Labor department, Compensation department, Benefits department and various other company leaders.

**INTERROGATORY NO. 2:** Identify the person or persons most instrumental in deciding to classify Assistant Store Managers as exempt under the OWHL.

**ANSWER:** Defendants object to Interrogatory No. 2 because it is unduly burdensome and overbroad. Defendants further object in that the terms "most instrumental" and "decision to classify" are vague and ambiguous. Defendants object to Interrogatory No. 2 on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to Interrogatory No. 2 on the grounds that it seeks information not relevant to Phase I certification issues and constitutes improper merits discovery.

Subject to these objections, and the General Objections set forth above, Thrifty Payless responds as follows: during the applicable time period, Thrifty Payless has not categorically classified Assistant Store Managers as "exempt." The District Manager and Human Resources played a significant role in whether an individual Assistant Store Manager was classified as exempt.

**INTERROGATORY NO. 3:** Describe the factors that were considered in Defendants' decision to classify Assistant Store Managers as exempt under the OWHL.

**ANSWER:** Defendants object to Interrogatory No. 3 on the grounds that it is overly broad and unduly burdensome as it requires Defendants to provide information as to each individual decision to classify an Assistant Store Manager as exempt. Defendants further object

5- DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Congress Center
1001 SW 5th Avenue, Suite 1100
Portland, OR 97204
Telephone: 877.895.6401
Facsimile: 877.895.6402

Exhibit 1
Page 5 of 15

to Interrogatory No. 3 on the grounds that the terms "factors" and "considered" are vague and ambiguous. Defendants further object to Interrogatory No. 3 on the grounds that it seeks information not relevant to Phase I certification issues and constitutes improper merits discovery.

Subject to these objections, and the General Objections set forth above, Thrifty Payless responds as follows: during the applicable time period, Thrifty Payless has not categorically classified Assistant Store Managers as "exempt." Rather, within the applicable time period Thrifty Payless employed both salaried and hourly Assistant Store Managers. Factors considered in determining whether to classify an Assistant Store Manager as exempt or non-exempt can and do vary by region, district, store, and individual. Such factors include, but are not limited to: the front end sales volume and labor budget for the store at issue and the individual Assistant Store Manager's actual job duties as compared to the relevant job descriptions.

**INTERROGATORY NO. 4:** Identify the Store Managers and District Managers who worked in Defendants' stores in Oregon.

**ANSWER:** Defendants object to Interrogatory No. 4 on the grounds that it is overbroad and not reasonably calculated to lead to the discovery of admissible evidence. Defendants object to Interrogatory No. 4 on the grounds that providing the names of Store Managers and District Managers prior to any ruling from the Court on class certification is inefficient, premature, and prejudicial. Plaintiff can establish no legitimate reason for needing the names of all "Store Managers and District Managers who worked in Defendants' stores in Oregon" at this stage of the litigation. Defendants further object to Interrogatory No. 4 to the extent it exceeds the scope of any class of which Plaintiff seeks certification in this action. Defendants further object to Interrogatory No. 4 to the extent it seeks information to improperly solicit parties to join this or any other action against Defendants.

Subject to these objections, and the General Objections set forth above, Thrifty Payless

6- DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES
TO DEFENDANTS

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Congress Center
1001 SW 5th Avenue, Suite 1100
Portland, OR 97204
Telephone: 877.895.6401
Facsimile: 877.895.6402

Exhibit 1
Page 6 of 15

responds as follows: Plaintiff's Store Manager is Astrid Alexander; her District Manager is Hema Hira.

**INTERROGATORY NO. 5:** Describe the job duties and responsibilities of Assistant Store Managers employed by Defendants in Oregon.

**ANSWER:** Defendants object to Interrogatory No. 5 as overbroad and unduly burdensome. The "job duties and responsibilities" of Assistant Store Managers can and do vary by region, district, store, and individual. Moreover, such "job duties and responsibilities" can and do also vary for each individual Assistant Store Manager as frequently as daily, depending on such factors as the specific employees the Store Manager and/or Assistant Store Manager schedules to work on a particular day, the shift the Assistant Store Manager works, what times the store receives truck deliveries, the season (*e.g.* Halloween), the volume of the store, the condition of the store, whether the store is implementing new promotions, whether the store is interviewing and/or hiring, whether the store has new employees which require extra training, whether the store is in a period of transition, whether there is a district-wide managers' meeting, whether the store is undergoing inventory, how bank deposits at the store are completed, any applicable union contracts, as well as numerous other factors. Accordingly, Defendants cannot reasonably describe all "job duties and responsibilities" of each and every Assistant Store Manager in Defendants' stores in Oregon from March 2, 2007, to the present.

Subject to these objections, and the General Objections set forth above, Thrifty Payless responds as follows: Thrifty Payless will produce the Assistant Store Manager job descriptions in effect during the relevant period, which describe the Assistant Store Manager job as it is designed and intended to be performed. The actual job duties of Assistant Store Managers, however, can and do vary day-to-day, store-to-store, and individual-to-individual, as noted

7- DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Congress Center
1001 SW 5th Avenue, Suite 1100
Portland, OR 97204
Telephone: 877.895.6401
Facsimile: 877.895.6402

Exhibit 1
Page 7 of 15

above.

**INTERROGATORY NO. 6:** Describe all training provided by Defendants to Assistant Store Managers employed by Defendants in Oregon, including but not limited to the substance of the training and, if written, describe each document involved, its date, author(s), title, subject matter and recipient(s).

**ANSWER:** Defendants object to Interrogatory No. 6 as overbroad and unduly burdensome on the grounds that Defendants cannot reasonably ascertain or describe all training actually received by each and every Assistant Store Manager in Rite Aid stores in Oregon from March 2, 2007, to the present. Defendants object to this Interrogatory on the grounds that it is not relevant and not reasonably calculated to lead to the discovery of admissible evidence as it seeks information beyond the scope of plaintiff's Amended Complaint. Defendants further object to this Interrogatory on the grounds that "training" is vague and ambiguous and could include in oral conversations, of which no record may have been made. The actual training received by Assistant Store Managers, both on the job and in classroom settings, is ongoing and varies by region, district, individual, and store.

Subject to these objections, and the General Objections set forth above, Thrifty Payless responds as follows: the training received by Assistant Store Managers varies depending on each individual's work experience, education, training, each individual store's staffing, unique geographic location, local events, operational needs, the discretion of the District Manager, Store Manager, and Assistant Store Managers within each individual store, and the actual job duties of Store Managers and Assistant Store Managers, which can and do vary day-to-day, store-to-store, and individual-to-individual, among other factors. Pursuant to Fed. R. Civ. P. 33(d), Thrifty Payless will produce all versions of the Policy and Procedures Manual and the Management Development Program and computer based training modules ("CBTs"), as selected and agreed

8-   DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES
     TO DEFENDANTS

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Congress Center
1001 SW 5th Avenue, Suite 1100
Portland, OR 97204
Telephone: 877.895.6401
Facsimile: 877.895.6402

Exhibit 1
Page 8 of 15

upon by the parties.

**INTERROGATORY NO. 7:** State the names, addresses, dates of employment, and locations of employment of Assistant Store Managers employed by Defendants.

**ANSWER:** Defendants object to Interrogatory No. 7 on the grounds that providing names, addresses, and last known employers of current employees prior to any ruling from the Court on class certification is inefficient, premature, and prejudicial. Plaintiff can establish no legitimate reason for needing the names, addresses, and dates and locations of employment of "Assistant Store Managers employed by Defendants" at this stage of the litigation. Should the Court ultimately grant class certification, then communications with any potential class members would be supervised by the Court and accomplished pursuant to a Court-approved, fair and balanced notice. Defendants therefore object to Interrogatory No. 7 to the extent that it seeks information which would allow Plaintiff to circumvent a fair and balanced Court-supervised notice to putative class members, should any class be certified in this action. Defendants object to Interrogatory No. 7 to the extent it exceeds the scope of any class of which Plaintiff seeks certification in this action. Defendants further object to Interrogatory No. 7 to the extent it seeks information to improperly solicit parties to join this or any other action against Defendants.

**INTERROGATORY NO. 8:** State the number of hours that Assistant Managers in Oregon are expected to work in an average workweek.

**ANSWER:** Defendants object to Interrogatory No. 8 on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence and is overly broad to the extent that it is not limited to salaried Assistant Store Managers. Defendants also object to Interrogatory No. 8 on the grounds that it is unduly burdensome. Defendants object to Interrogatory No. 8 on the grounds that identifying or providing information regarding current employees prior to any ruling from the Court on class certification is inefficient, premature, and prejudicial. Plaintiff can establish no legitimate reasons for needing "the number of hours that Assistant Managers in Oregon are expected to

9- DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Congress Center
1001 SW 5th Avenue, Suite 1100
Portland, OR 97204
Telephone: 877.895.6401
Facsimile: 877.895.6402

Exhibit 1
Page 9 of 15

work in an average workweek" at this stage of the litigation. Defendants further object to Interrogatory No. 8 on the grounds that the phrase "expected to work" is vague and ambiguous.

Subject to these objections, and the General Objections set forth above, Thrifty Payless responds as follows: Defendants have no set, predetermined expectation regarding the number of hours that salaried Assistant Store Managers are expected to work in an average workweek. The actual hours worked by salaried Assistant Store Managers varies by each individual store's staffing, unique geographic location, local events, operational needs, the discretion of the District Manager, Store Manager, and Assistant Store Managers within each individual store, and the actual job duties of Store Managers and Assistant Store Managers, which can and do vary day-to-day, store-to-store, and individual-to-individual, among other factors.

**INTERROGATORY NO. 9:** State the average weekly compensation received by Assistant Managers in Oregon.

**ANSWER:** Defendants object to Interrogatory No. 9 on the grounds that it is overbroad and unduly burdensome as it is not limited to salaried Assistant Store Managers. Defendants object to Interrogatory No. 9 to the extent it seeks personal or private financial information regarding third persons who are not parties to this action. Defendants further object to Interrogatory No. 9 on the grounds that identifying or providing information regarding current employees prior to any ruling from the Court on class certification is inefficient, premature, and prejudicial. Plaintiff can establish no legitimate reason for needing the "the average weekly compensation received by Assistant Managers in Oregon" at this stage of the litigation.

Subject to these objections, and the General Objections set forth above, Thrifty Payless responds as follows: compensation for salaried Assistant Store Mangers can and does vary depending on each store's unique geographic location and size, and front-end sales volume and

10- DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Congress Center
1001 SW 5th Avenue, Suite 1100
Portland, OR 97204
Telephone: 877.895.6401
Facsimile: 877.895.6402

Exhibit 1
Page 10 of 15

labor budget, among other factors.

**INTERROGATORY NO. 10:** Identify each person who has knowledge of the amounts of wages paid to Assistant Managers in Oregon.

**ANSWER:** Defendants object to Interrogatory No. 10 on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to Interrogatory No. 10 as unduly burdensome and overbroad to the extent it could be interpreted to require Defendants to ascertain the knowledge of specific individuals or third parties not subject to Defendants' control.

Subject to these objections, and the General Objections set forth above, Thrifty Payless responds as follows: individuals who worked as Assistant Store Managers, Store Managers, District Managers, and Human Resources personnel may have knowledge regarding the compensation for salaried Assistant Store Managers in Oregon during the requested time period.

**INTERROGATORY NO. 11:** Describe and identify all facts supporting Defendants' Tenth Affirmative Defense that Plaintiff is an inadequate class representative.

**ANSWER:** Plaintiff is judicially estopped from pursuing her current wage and hour claims against Defendants due to her failure to disclose such claims during the pendency of her recent Chapter 7 bankruptcy. In addition, Plaintiff is an inadequate representative to pursue any claim for failure to pay earned wages at termination, given that Plaintiff's employment with Defendants never terminated. She also works at a store of different size and sales volume compared to other stores, has a different store manager, with different expectations and job duties.

**INTERROGATORY NO. 12:** Describe and identify all of the facts supporting Defendants' Eighteenth Affirmative Defense that any violations of the OWHL were not willful, but occurred in good faith.

**ANSWER:** Throughout the relevant period, Defendants acted under a good faith belief

11- DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Congress Center
1001 SW 5th Avenue, Suite 1100
Portland, OR 97204
Telephone: 877.895.6401
Facsimile: 877.895.6402

Exhibit 1
Page 11 of 15

that all salaried Assistant Store Managers were properly "exempt" pursuant to the applicable Oregon Labor Laws, based on the expectation that salaried Assistant Store Managers perform the job as it is designed and intended to be performed.

**INTERROGATORY NO. 13:** Describe and identify the written administrative regulations, orders, rulings, approvals, and/or interpretations of the Administrator of the Wage and Hour Division of the United States Department of Labor and/or the Oregon Bureau of Labor, including, but not limited to the written administrative regulations, orders, rulings, approvals and interpretations that support Defendants' Nineteenth Affirmative Defense.

**ANSWER:** ORS.653.010-653.261, OAR 839-020-0005, OAR 839-020-0080.

**INTERROGATORY NO. 14:** Identify each person who participated in Rite Aid's decision to reclassify Assistant Store Managers as non-exempt in Oregon.

**ANSWER:** Defendants object to Interrogatory No. 14 on the basis that the term "reclassify" is vague, ambiguous, and undefined. Defendants object to this Interrogatory on the grounds that it assumes incorrectly that Defendants made a "decision to reclassify Assistant Store Managers as non-exempt in Oregon." Defendants object to Interrogatory No. 14 on the basis that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to Interrogatory No. 14 on the grounds that it seeks information not relevant to Phase I certification issues and constitutes improper merits discovery.

**INTERROGATORY NO. 15:** Describe the factors considered in, and the reasons for, reclassifying Assistant Store Mangers as non-exempt in Oregon.

**ANSWER:** Defendants object to Interrogatory No. 15 on the basis that the term "reclassifying" is vague, ambiguous, and undefined. Defendants object to this request on the grounds that it assumes incorrectly that Defendants made a decision "reclassifying Assistant

12- DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Congress Center
1001 SW 5th Avenue, Suite 1100
Portland, OR 97204
Telephone: 877.895.6401
Facsimile: 877.895.6402

Exhibit 1
Page 12 of 15

Store Managers as non-exempt in Oregon." Defendants object to Interrogatory No. 15 on the basis that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to Interrogatory No. 15 on the grounds that it seeks information not relevant to Phase I certification issues and constitutes improper merits discovery.

**INTERROGATORY NO. 16:** Identify the person or persons most instrumental in deciding to reclassify Assistant Store Managers as non-exempt in Oregon.

**ANSWER:** Defendants object to Interrogatory No. 16 on the basis that the terms "most instrumental" and "reclassify" are vague, ambiguous, and undefined. Defendants object to this Interrogatory on the grounds that it assumes incorrectly that Defendants made a decision to "reclassify Assistant Store Managers as non-exempt in Oregon." Defendants object to Interrogatory No. 16 on the basis that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to Interrogatory No. 16 on the grounds that it seeks information not relevant to Phase I certification issues and constitutes improper merits discovery.

**INTERROGATORY NO. 17:** Describe all ways in which the duties and responsibilities of Assistant Store Managers changed after that position was reclassified from exempt to non-exempt.

**ANSWER:** Defendants object to Interrogatory No. 17 on the basis that the term "reclassified" is vague and ambiguous. Defendants object to this request on the grounds that it assumes incorrectly that the Assistant Store Manager "position was reclassified from exempt to non-exempt." Defendants object to Interrogatory No. 17 on the basis that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to Interrogatory No. 17 on the grounds that it seeks information not relevant to Phase I certification issues and constitutes improper merits discovery.

Subject to these objections, and the General Objections set forth above, Thrifty Payless

13- DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Congress Center
1001 SW 5th Avenue, Suite 1100
Portland, OR 97204
Telephone: 877.895.6401
Facsimile: 877.895.6402

Exhibit 1
Page 13 of 15

responds as follows: pursuant to Fed. R. Civ. P. 33(d), Thrifty Payless will produce responsive Assistant Store Manager job descriptions for the requested time period.

DATED this 28th day of September, 2010.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

*/s/ Leah C. Lively*

Leah C. Lively, OSB No. 962414
leah.lively@ogletreedeakins.com
Telephone:    877.895.6401
**Attorneys for Defendants THRIFTY PAYLESS, INC. d/b/a RITE AID and RITE AID CORPORATION**

14- DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Congress Center
1001 SW 5th Avenue, Suite 1100
Portland, OR 97204
Telephone: 877.895.6401
Facsimile: 877.895.6402

Exhibit 1
Page 14 of 15

## CERTIFICATE OF SERVICE

I hereby certify that on September 28, 2010, I served the foregoing **DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS** on:

Steve D. Larson
slarson@stollberne.com
Yoona Park
ypark@stollberne.com
Stoll Stoll et al
209 SW Oak Street, Fifth Floor
Portland, OR 97204

Seth R. Lesser
Seth@klafterolsen.com
Fran L. Rudich
Fran@klafterolsen.com
Lana Koroleva
lkoroleva@klafterolsen.com
Klafter Olson & Lesser LLP
Two International Drive, Suite 350
Rye Brook, New York 10573

☐ by **electronic** means through the Court's Case Management/Electronic Case File system, which will send automatic notification of filing to each person listed above.

☐ by **mailing** a true and correct copy to the last known address of each person listed. It was contained in a sealed envelope, with postage paid, addressed as stated above, and deposited with the U.S. Postal Service in Portland, Oregon.

☐ by causing a true and correct copy to be **hand-delivered** to the last known address of each person listed. It was contained in a sealed envelope and addressed as stated above.

☐ by causing a true and correct copy to be delivered **via overnight courier** to the last known address of each person listed. It was contained in a sealed envelope, with courier fees paid, and addressed as stated above.

☐ by **faxing** a true and correct copy to the last known facsimile number of each person listed, with confirmation of delivery. It was addressed as stated above.

☑ by **emailing** a true and correct copy to the last known email address of each person listed, with confirmation of delivery.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By *[signature]*
Leah C. Lively, OSB No. 962414
leah.lively@ogletreedeakins.com
Attorneys for Defendants THRIFTY PAYLESS, INC. d/b/a RITE AID and RITE AID CORPORATION

9126492.7 (OGLETREE)
1- CERTIFICATE OF SERVICE

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Congress Center
1001 SW 5th Avenue, Suite 1100
Portland, OR  97204
Telephone:  877.895.6401
Facsimile:  877.895.6402

Exhibit 1
Page 15 of 15