Leah C. Lively, OSB #962414
leah.lively@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Congress Center
1001 SW 5th Avenue, Suite 1100
Portland, OR 97204
Telephone:      877.895.6401
Fax:            877.895.6402

Attorneys for Defendants THRIFTY PAYLESS, INC. d/b/a RITE AID and RITE AID
CORPORATION

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

SANDRA ZIRKEL, Individually and, on Behalf of All
Other Persons Similarly Situated,

    Plaintiff,

  vs.

THRIFTY PAYLESS, INC. d/b/a RITE AID and
RITE AID CORPORATION,

    Defendants.

Civil Case No.: 10-CV-237 KI

**DEFENDANTS' RESPONSE TO
PLAINTIFF'S FIRST SET OF
DOCUMENT REQUESTS
PROPOUNDED TO
DEFENDANTS**

TO: Plaintiff, by and through her attorneys of record, Steve D. Larson and Yoona
Park,
STOLL STOLL BERNE LOKTING & SHLACHTER, P.C.,
209 SW Oak Street, Fifth Floor, Portland, OR 97204

Defendants Thrifty Payless, Inc. d/b/a/ Rite Aid   ("Thrifty Payless") and Rite Aid

Corporation hereby object, and Thrifty Payless hereby responds to Plaintiff's First Set of

Documents Requests Propounded to Defendants as follows:[1]

---

[1] Rite Aid Corporation was not, and never has been during the relevant time frame, Plaintiff's employer and is not a proper defendant in this matter.

1- DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST SET OF DOCUMENT REQUESTS
 PROPOUNDED TO DEFENDANTS

**Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
Congress Center
1001 SW 5th Avenue, Suite 1100
Portland, OR 97204
Telephone: 877.895.6401
Facsimile: 877.895.6402

Exhibit 2
Page 1 of 22

## GENERAL OBJECTIONS

1.      Defendants object to each request to the extent that it seeks to impose obligations different from those imposed by Rules 26 and 34 of the Federal Rules of Civil Procedure.

2.      Defendants object to requests including terms such as "every," "each," "any," and "all" because such terms are overly broad on their face when dealing with a large entity as it is impossible to represent, even after a diligent search, that "every," "each," "any," and "all" documents possibly responsive to a request directed to Defendants, as entities, are included herein.  Defendants' responses are based on a reasonable investigation conducted by, and documents presently available to, Defendants.  As required by the Federal Rules of Civil Procedure, Defendants will supplement these responses if additional responsive documents are later discovered.

3.      Defendants object to Plaintiff's definitions of "Defendants," "you," and "your" because they are overly broad and include entities and individuals that are not related to this lawsuit and, therefore, do not have documents relevant or reasonably calculated to lead to the discovery of admissible evidence.  Defendants further object to these definitions to the extent they seek to include individuals with documents that are protected by the attorney-client and work product privileges.

4.      Defendants object to the request that portions of documents "be produced in whole, notwithstanding that portions thereof may contain information not requested."  In light of the broad definition of "document," such request is vague and ambiguous as to what constitutes a "whole" document and imposes an undue burden on Defendants to produce voluminous records that, by definition, are not responsive to any request and, as such, exceed the scope of discoverable information.

5.      Defendants object to any request to the extent it seeks documents protected by the attorney-client privilege and/or work product doctrine, including but not limited to: (a) materials

2- DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
   OF DOCUMENTS

**Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
Congress Center
1001 SW 5th Avenue, Suite 1100
Portland, OR  97204
Telephone:  877.895.6401
Facsimile:  877.895.6402

Exhibit 2
Page 2 of 22

prepared in anticipation of litigation and trial preparation materials; (b) work product materials, including materials prepared by retained experts other than as required to be produced, and (c) materials which constitute or reflect communications between Defendants and their agents, representatives or employees made subsequent to the occurrences or transactions upon which this lawsuit is based, for the purposes of rendering legal advice and in anticipation of the prosecution or defense of such claims. As used herein, the term "non-privileged" refers to documents not subject to the attorney-client privilege and/or the work product doctrine.

6.      Defendants object to each request to the extent that it seeks the disclosure of information, documents, or tangible things outside its possession, custody, or control.   In particular, Defendants object to the definition of "document" to the extent it seeks to unduly impose on Defendants an obligation to obtain documents and information from former employees, agents, or third parties over whom Defendants have no control.

7.      Defendants object to these requests, or portions thereof, to the extent that they contain an overbroad and unduly burdensome geographic scope.   Unless otherwise noted, Defendants will provide information and/or documents for their Oregon stores only.   In accordance with Plaintiff's instruction at paragraph "K" of the Requests, Defendants construe such request as encompassing the following time period only:  March 2, 2007, to the present.

8.      Defendants objects to Plaintiff's requests to the extent they seek information and/or documents which constitute or contain personal or private information regarding third persons who are not parties to this action *(e.g.,* personal or private information concerning current or former employees of Defendants or any of Defendants' predecessors or affiliated entities), sensitive business information, commercially private data and/or proprietary and confidential information.  Defendants will only produce such information subject to the parties' Stipulated Protective Order and to the extent such information is not subject to other objections.

3- DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
OF DOCUMENTS

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Congress Center
1001 SW 5th Avenue, Suite 1100
Portland, OR  97204
Telephone:  877.895.6401
Facsimile:  877.895.6402

Exhibit 2
Page 3 of 22

9.      Defendants are willing to discuss their objections and attempt in good faith to resolve them, or narrow the parties' differences, if any.

10.      Defendants' investigation is ongoing, and Defendants reserve the right to supplement these responses.

Subject to and without waiving the foregoing General Objections, Defendants object and Thrifty Payless responds to Plaintiff's First Set of Requests for Production of Documents as follows:

## SPECIFIC OBJECTIONS TO ENUMERATED REQUESTS

**REQUEST NO. 1:**   Documents that refer, relate or pertain to the named Plaintiff, including but not limited to her complete personnel file.

**RESPONSE:**   Defendants object to this request on the grounds that it is overbroad and not reasonably calculated to lead to the discovery of admissible evidence in that it seeks documents unrelated to some or all of Plaintiff's claims.   Defendants further object to this request on the grounds that it is vague and ambiguous generally and does not specify with particularity the documents sought.

Subject to these objections, and the General Objections set forth above, Thrifty Payless responds as follows:   Thrifty Payless will produce Plaintiff's personnel file as kept in the ordinary course of business.

**REQUEST NO. 2:**   Documents that list the location or store at which Assistant Managers worked.

**RESPONSE:**   Defendants object to this request on the grounds that it is overbroad and unduly burdensome, to the extent that it requires Defendants to read every personnel file from every store in Oregon.   Defendants object to this request on the grounds that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence to the extent that it is not limited to salaried Assistant Store Managers.   Defendants further object

4-   DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Congress Center
1001 SW 5th Avenue, Suite 1100
Portland, OR  97204
Telephone:  877.895.6401
Facsimile:  877.895.6402

Exhibit 2
Page 4 of 22

to this request on the grounds that providing documents that identify or provide information regarding current employees prior to any ruling from the Court on class certification is inefficient, premature, and prejudicial. Plaintiff can establish no legitimate reason for needing "Documents that list the location or store at which Assistant Managers worked" at this stage of the litigation. Should the Court ultimately grant class certification, then communications with any potential class members would be supervised by the Court and accomplished pursuant to a Court-approved, fair and balanced notice.

Subject to these objections, and the General Objections set forth above, Thrifty Payless responds as follows: Thrifty Payless will produce Plaintiff's personnel file as kept in the ordinary course of business, which lists the location and store at which the Plaintiff worked. To the extent the request seeks a list of Defendants' stores in Oregon; Defendants refer Plaintiff to the publicly available information at http://www.riteaid.com/stores/locator/index.jsf.

**REQUEST NO. 3:** Documents that refer, relate or constitute reports of the amount of time worked by Assistant Managers.

**RESPONSE:** Defendants object to this request on the grounds that the terms "refer" or "relate" and the phrase "the amount of time worked," are vague and ambiguous. Defendants object to this request on the grounds that it is overly burdensome on the grounds that it would require a review of every personnel file from every store to respond. Defendants object to the request on the grounds that it is overly broad to the extent that it is not limited to salaried Assistant Store Managers. Defendants further object to this request on the grounds that providing documents that identify or provide information regarding current employees prior to any ruling from the Court on class certification is inefficient, premature, and prejudicial. Plaintiff can establish no legitimate reason for needing "Documents that list the location or store at which Assistant Managers worked" at this stage of the litigation. Should the Court ultimately grant class certification, then communications with any potential class members would be

5- DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
   OF DOCUMENTS

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Congress Center
1001 SW 5th Avenue, Suite 1100
Portland, OR 97204
Telephone: 877.895.6401
Facsimile: 877.895.6402

Exhibit 2
Page 5 of 22

supervised by the Court and accomplished pursuant to a Court-approved, fair and balanced notice.

Subject to these objections, and the General Objections set forth above, Thrifty Payless responds as follows: because Plaintiff, like other salaried Assistant Store Managers, was properly classified as exempt under the Oregon Labor Laws, records regarding her work hours were not maintained by Thrifty Payless, thus no responsive documents exist. Thrifty Payless will produce Plaintiff's available weekly work schedules during the requested period as kept in the ordinary course of business.

**REQUEST NO. 4:**  Documents that constitute, refer or relate to Defendants' policies, practices and guidelines for tracking and/or keeping records of hours worked or overtime hours worked by Assistant Managers.

**RESPONSE:**  Defendants object to this request on the grounds that the phrase "tracking and/or keeping records of hours worked or overtime hours worked" is vague and ambiguous. Defendants further object to the request on the grounds that it is overly broad and not reasonably calculated to lead to the discovery of evidence admissible at trial to the extent that it is not limited to salaried Assistant Store Managers.

Subject to these objections, and the General Objections set forth above, Thrifty Payless responds as follows:  tracking of hours varies by operational unit, store location, state and region. Additionally, the manner in which employee time is recorded at Rite Aid brand stores has varied over time during the applicable time period.  Thrifty Payless will produce responsive policies in effect during the applicable time period that relate to rotation and workweek schedules for salaried Assistant Store Managers.  Thrifty Payless will also produce Plaintiff's work schedules during the requested time period.

**REQUEST NO. 5:**  Documents that refer, relate or pertain to policies or practices regarding minimum, recommended, suggested, permitted or required numbers of hours per week

6- DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
    OF DOCUMENTS

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Congress Center
1001 SW 5th Avenue, Suite 1100
Portland, OR 97204
Telephone:  877.895.6401
Facsimile:  877.895.6402

Exhibit 2
Page 6 of 22

that Assistant Managers were expected to work.

**RESPONSE:** Defendants object to this request on the grounds that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendants object to the request on the grounds that it is overly broad to the extent that it is not limited to salaried Assistant Store Managers. Defendants further object to this request on the grounds that the phrase "minimum, recommended, suggested, permitted or required numbers of hours per week that Assistant Managers were expected to work" is vague and ambiguous.

Subject to these objections, and the General Objections set forth above, Thrifty Payless responds as follows: Thrifty Payless will produce responsive policies in effect during the requested time period that relate to rotation and workweek schedules of salaried Assistant Store Managers.

**REQUEST NO. 6:** Documents that contain, refer or relate to the amount of time required to perform a given task, assignment, duty or function performed by Assistant Managers.

**RESPONSE:** Defendants object to this request on the grounds that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendants object to the request on the grounds that it is overly broad to the extent that it is not limited to salaried Assistant Store Managers. Defendants further object to this request on the grounds that it is vague and ambiguous and does not specify with particularity the documents sought.

Subject to these objections, and the General Objections set forth above, Thrifty Payless responds as follows: Thrifty Payless' practices and the actual hours and job duties of Assistant Store Managers vary day-to-day, store-to-store, and individual-to-individual. Thrifty Payless is presently unaware of any responsive documents created during the applicable time period.

**REQUEST NO. 7:** Documents that constitute, reflect, relate or refer to work schedules

7- DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
   OF DOCUMENTS

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Congress Center
1001 SW 5th Avenue, Suite 1100
Portland, OR 97204
Telephone: 877.895.6401
Facsimile: 877.895.6402

Exhibit 2
Page 7 of 22

for Assistant Managers.

**RESPONSE:** Defendants object to this request on the grounds that it is overly broad and not reasonably calculated to lead to the discovery of evidence admissible at trial in that it is not directed only at salaried Assistant Store Managers and does not show actual hours worked. Defendants further object to this request on the grounds that providing documents that identify or provide information regarding current employees prior to any ruling from the Court on class certification is inefficient, premature, and prejudicial. Plaintiff can establish no legitimate reason for needing "Documents that list the location or store at which Assistant Managers worked" at this stage of the litigation. Should the Court ultimately grant class certification, then communications with any potential class members would be supervised by the Court and accomplished pursuant to a Court-approved, fair and balanced notice.

Subject to these objections, and the General Objections set forth above, Thrifty Payless responds as follows: Thrifty Payless will produce responsive policies in effect during the applicable time period that relate to rotation and workweek schedules. Thrifty Payless also will produce Plaintiff's weekly work schedules during the requested time period as kept in the ordinary course of business.

**REQUEST NO. 8:** Documents constituting, evidencing or relating to time studies, observational studies and/or time and motion studies concerning time spent on tasks performed and/or hours worked by Assistant Mangers.

**RESPONSE:** Defendants object to this request on the grounds that the phrase "relating to time studies, observational studies and/or time and motion studies" is vague and ambiguous.

Subject to these objections, and the General Objections set forth above, Thrifty Payless responds as follows: Thrifty Payless is presently unaware of any responsive documents created during the requested time period.

**REQUEST NO. 9:** Documents that constitute, relate or refer to job descriptions for

8- DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Congress Center
1001 SW 5th Avenue, Suite 1100
Portland, OR  97204
Telephone:  877.895.6401
Facsimile:  877.895.6402

Exhibit 2
Page 8 of 22

Assistant Managers.

**RESPONSE:** Defendants object to the request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence and is overly broad to the extent that it is not limited to salaried Assistant Store Managers.

Subject to this objection, and the General Objections set forth above, Thrifty Payless responds as follows: Thrifty Payless will produce salaried Assistant Store Manager job descriptions in effect during the requested time period. However, Thrifty Payless' practices and the actual job duties of Assistant Store Managers vary day-to-day, store-to-store, and individual-to-individual.

**REQUEST NO. 10:** Documents that constitute, refer or relate to hiring criteria used by Defendants in hiring Assistant Managers.

**RESPONSE:** Defendants object to this request on the grounds that the phrase relating to "hiring criteria" is vague and ambiguous. Defendants object to this request on the grounds that it is overly broad and not reasonably calculated to lead to the discovery of evidence admissible at trial in that it seeks documents unrelated to some or all of Plaintiff's claims and is not limited to salaried Assistant Store Managers. Defendants further object to this request on the grounds that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence

Subject to these objections, and the General Objections set forth above, Thrifty Payless responds as follows: Thrifty Payless will produce any responsive policies and/or procedures regarding the hiring of salaried Assistant Store Managers.

**REQUEST NO. 11:** Documents that constitute, evidence, refer or pertain to the job duties for Assistant Managers.

**RESPONSE:** Defendants object to this request on the grounds that the phrase "job duties for Assistant Managers" is vague and ambiguous. Defendants object to this request on the

9- DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Congress Center
1001 SW 5th Avenue, Suite 1100
Portland, OR  97204
Telephone:  877.895.6401
Facsimile:  877.895.6402

Exhibit 2
Page 9 of 22

grounds that it is unduly burdensome and overly broad because Defendants' practices vary by operational unit, store location, and region. Defendants object to the request on the grounds that it is overly broad and not reasonably calculated to lead to the discovery of evidence admissible at trial in that it is not limited to salaried Assistant Store Managers.

Subject to these objections, and the General Objections set forth above, Thrifty Payless responds as follows: each Assistant Store Manager's actual duties performed vary day-to-day depending on such factors as the location, size, and unique characteristics of each store in which they worked; the persons who supervise them; the level of experience of each Assistant Store Manager; each Assistant Store Manager's individual personality and traits; and the experience, individual personalities, and traits of each hourly employee they supervise. Thrifty Payless will produce the job descriptions for the salaried Assistant Store Managers in effect during the requested time period.

**REQUEST NO. 12:** Documents that refer or relate to the procedures that Assistant Managers were required or recommended to undertake and/or the instructions they were required to follow in performing any job task, assignment, duty or function.

**RESPONSE:** Defendants object to this request on the grounds that it is unduly burdensome and overly broad because Defendants' practices vary by operational unit, store location, and region. Defendants object to the request on the grounds that it is overly broad to the extent that it is not limited to salaried Assistant Store Managers. Defendants object on the grounds that the phrase "recommended to undertake" is vague and ambiguous.

Subject to these objections, and the General Objections set forth above, Thrifty Payless responds as follows: each Assistant Store Manager's actual duties vary day-to-day depending on such factors as the location, size, and unique characteristics of each store in which they worked; the persons who supervise them; the level of experience of each Assistant Store Manager; and the experience, individual personalities, and traits of each hourly employee they supervise.

10- DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Congress Center
1001 SW 5th Avenue, Suite 1100
Portland, OR 97204
Telephone: 877.895.6401
Facsimile: 877.895.6402

Exhibit 2
Page 10 of 22

Thrifty Payless will produce the Policies and Procedures Manuals in effect during the applicable time period.

**REQUEST NO. 13:**  Documents that refer or relate to the training of Assistant Managers in the performance of their tasks, assignments, duties or functions, whether by person, computer or other means, including but not limited to, curricula, syllabi, training materials, handouts, instructors materials, tests and answer keys and videotapes.

**RESPONSE:**  Defendants object to this request on the grounds that it is overbroad and not reasonably calculated to lead to the discovery of admissible evidence in that it seeks documents unrelated to some or all of Plaintiff's claims.  Defendants object to this request on the grounds that the phrases "training of Assistant Managers" and "curricula, syllabi, training materials, handouts, instructors materials, tests and answer keys and videotapes" are vague and ambiguous.  Defendants object to this request on the basis that it is overly broad and burdensome to the extent it seeks voluminous records related to computer-based training that cannot be searched without prohibitive and unreasonable cost.  Defendants further object to the request on the grounds that it is overly broad to the extent that it is not limited to salaried Assistant Store Managers.

Subject to these objections, and the General Objections set forth above, Thrifty Payless responds as follows:  the training received by Assistant Store Managers varies depending on each individual's work experience, education, training, each individual store's staffing, unique geographic location, local events, operational needs, union contracts, the discretion of the District Manager, Store Manager and Assistant Store Managers within each individual store, and the actual job duties of Store Managers and Assistant Store Managers, which can and do vary day-to-day, store-to-store, and individual-to-individual.  Thrifty Payless will produce a copy of the Management Development Program and all versions of the Policy and Procedures Manual applicable to salaried Assistant Store Managers during the requested time period.

11- DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
    OF DOCUMENTS

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Congress Center
1001 SW 5th Avenue, Suite 1100
Portland, OR 97204
Telephone: 877.895.6401
Facsimile: 877.895.6402

Exhibit 2
Page 11 of 22

**REQUEST NO. 14:** Documents consisting of formal or informal training and orientation materials provided by Defendants, including but not limited to internally produced documents and documents produced by third parties, for use by Assistant Managers.

**RESPONSE:** Defendants object to this request on the grounds that the phrases "formal or informal training and orientation materials" and "documents produced by third parties" are vague and ambiguous. Defendants object to this request on the grounds that it is overbroad and not reasonably calculated to lead to the discovery of admissible evidence in that it seeks documents unrelated to some or all of Plaintiff's claims. Defendants further object to this request on the grounds that it seeks documents that Defendants did not create or may be unaware.

Subject to these objections, and the General Objections set forth above, Thrifty Payless responds as follows: the training received by Store Managers and Assistant Store Managers can and does vary depending on each individual's work experience, education, training, each individual store's staffing, unique geographic location, local events, operational needs, the discretion of the District Manager, Store Manager and Assistant Store Managers within each individual store, and the actual job duties of Store Managers and Assistant Store Managers, which can and do vary day-to-day, store-to-store, and individual-to-individual, among other factors. Thrifty Payless will produce all responsive versions of the Policy and Procedures Manual and the Management Development Program. Thrifty Payless is presently unaware of any responsive formal or informal training materials created by any third party and provided to salaried Assistant Store Managers.

**REQUEST NO. 15:** Documents that constitute, evidence or relate to the policies and procedures for evaluation, review, promotion and/or discipline of Assistant Managers.

**RESPONSE:** Defendants object to this request on the grounds that the phrase "evaluation, review, promotion and/or discipline" is vague and ambiguous.

12- DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Congress Center
1001 SW 5th Avenue, Suite 1100
Portland, OR 97204
Telephone: 877.895.6401
Facsimile: 877.895.6402

Exhibit 2
Page 12 of 22

Subject to these objections, and the General Objections set forth above, Thrifty Payless responds as follows:   Thrifty Payless will produce responsive versions of the policies and procedures regarding formal evaluations of salaried Assistant Store Managers as well as blank evaluation forms for salaried Assistant Store Managers during the requested time period.

**REQUEST NO. 16:**   Documents consisting of or evidencing rulings, decisions or opinions rendered by any federal or state court of administrative agency, relating to the issue of whether "Assistant Managers" are exempt or non-exempt from overtime.

**RESPONSE:**  Defendants object to this request on the grounds that it seeks documents equally available to Plaintiff through public records.  Defendants further object to this request on the grounds that it seeks documents not relevant to Phase I certification issues and constitutes improper merits discovery.

Subject to these objections, and the General Objections set forth above, Thrifty Payless responds as follows: Thrifty Payless is presently unaware of any responsive documents.

**REQUEST NO. 17:**   Documents relating to the subject of classifying Assistant Managers as exempt from entitlement to overtime pay under state and/or federal law, including but not limited to:

    (a)       internal communications relating to the subject of classification of Assistant Managers as exempt employees, who were not entitled to overtime pay; and

    (b)       documents between Defendant and any advisor or consultant relating to the subject that Assistant Managers were classified as exempt employees, who were not entitled to over time pay.

**RESPONSE:**  Defendants object to this request on the grounds that it is overly broad and not reasonably calculated to lead to the discovery of evidence admissible at trial in that it seeks documents from third parties, of which Defendants may be unaware or are not in possession, custody, or control.  Defendants object to this request on the grounds that it seeks documents not

13- DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
    OF DOCUMENTS

**Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
Congress Center
1001 SW 5th Avenue, Suite 1100
Portland, OR 97204
Telephone: 877.895.6401
Facsimile: 877.895.6402

Exhibit 2
Page 13 of 22

relevant to Phase I certification issues and constitutes improper merits discovery. Defendants further object to this request on the grounds that the terms "internal communications" and "any advisor or consultant" are vague and ambiguous.

Subject to these objections, and the General Objections set forth above, Thrifty Payless responds as follows: Thrifty Payless is presently unaware of any responsive documents.

**REQUEST NO. 18:** Documents relating to the subject of classifying Assistant Managers as non-exempt from entitlement to overtime pay under state and/or federal law, including but not limited to:

(a)     internal communications relating to the subject that Assistant Managers should be classified as non-exempt employees, entitled to overtime pay; and

(b)     documents between Defendant and any advisor or consultant relating to the subject that Assistant Managers should be classified as non-exempt and are entitled to overtime pay.

**RESPONSE:** Defendants object to this request on the grounds that it is overbroad and not reasonably calculated to lead to the discovery of evidence admissible at trial in that it seeks documents from third parties, of which Defendants may be unaware or are not in possession, custody, or control. Defendants object to this request on the grounds that it seeks documents not relevant to Phase I certification issues and constitutes improper merits discovery. Defendants further object to this request on the grounds that the terms "internal communications" and "any advisor or consultant" are vague and ambiguous.

Subject to these objections, and the General Objections set forth above, Thrifty Payless responds as follows: Thrifty Payless is presently unaware of any responsive documents.

**REQUEST NO. 19:** Opinions sought or received by Defendants from any state or federal governmental entities (including but not limited to the Department of Labor) about

14- DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
   OF DOCUMENTS

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Congress Center
1001 SW 5th Avenue, Suite 1100
Portland, OR 97204
Telephone: 877.895.6401
Facsimile: 877.895.6402

Exhibit 2
Page 14 of 22

whether "Assistant Managers" should be classified as exempt from overtime pay requirements under state or federal overtime laws.

**RESPONSE:** Defendants object to this request on the grounds that it seeks documents not relevant to Phase I certification issues and constitutes improper merits discovery. Defendants further object to this request on the grounds that the term "opinions" is vague and ambiguous.

Subject to this objection, and the General Objections set forth above, Thrifty Payless responds as follows: Thrifty Payless is presently unaware of any responsive documents.

**REQUEST NO. 20:** Opinions sought or received by Defendants from any state or federal government entities (including but not limited to the Department of Labor) about whether "Assistant Managers" should be classified as non-exempt employees, entitled to overtime pay under state or federal overtime laws.

**RESPONSE:** Defendants object to this request on the grounds that it seeks documents not relevant to Phase I certification issues and constitutes improper merits discovery. Defendants further object to this request on the grounds that the term "opinions" is vague and ambiguous.

Subject to this objection, and the General Objections set forth above, Thrifty Payless responds as follows: Thrifty Payless is presently unaware of any responsive documents.

**REQUEST NO. 21:** All documents concerning complaints, whether formal or informal, written or verbal, about wage hour issues, including but not limited to, complaints concerning Defendants' failure to pay for all hours worked, including overtime hours.

**RESPONSE:** Defendants object to this request on the grounds that it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents unrelated to some or all of Plaintiff's claims. Defendants further object to the request on the grounds that it could be interpreted to require that Defendants read every personnel file

15- DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
OF DOCUMENTS

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Congress Center
1001 SW 5th Avenue, Suite 1100
Portland, OR  97204
Telephone:  877.895.6401
Facsimile:  877.895.6402

Exhibit 2
Page 15 of 22

from every store in Oregon and/or search the Rite Aid Associate Hotline records to locate any "complaint" from Assistant Store Managers about any "wage hour issues" either in written or verbal form and, as such, is unduly burdensome. Defendants object to the request on the grounds that the following terms are vague and ambiguous: "complaints," "wage and hour issues," "formal," and "informal." Defendants object to the request on the grounds that it is overly broad to the extent that it is not limited to salaried Assistant Store Managers. Defendants object to this request on the grounds that it seeks documents not relevant to Phase I certification issues and constitutes improper merits discovery.

Subject to these objections, and the General Objections set forth above, and based upon the good faith interpretation of this vague and ambiguous request, Thrifty Payless states that if Plaintiff makes available sufficient funds to conduct a search of the Rite Aid Associate Hotline records for "complaints" from salaried Assistant Store Managers regarding the denial of overtime to salaried Assistant Store Managers at the store in which Plaintiff worked as an Assistant Store Manager during the applicable time period, Thrifty Payless will consider the request.

**REQUEST NO. 22:** Documents, including but not limited to complaints, answers, discovery requests, discovery responses, deposition transcripts, motion papers and any supporting documents submitted in connection with such motions and trial transcripts from, any federal or state lawsuit or administrative action, filed against Defendants, relating to any wage and hour, minimum wage or overtime claim.

**RESPONSE:** Defendants object to this request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents unrelated to some or all of Plaintiff's claims and is not limited to salaried Assistant Store Managers. Defendants object to this request on the grounds that it seeks documents not relevant to Phase I certification issues and constitutes improper

16- DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
    OF DOCUMENTS

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Congress Center
1001 SW 5th Avenue, Suite 1100
Portland, OR  97204
Telephone:  877.895.6401
Facsimile:  877.895.6402

Exhibit 2
Page 16 of 22

merits discovery.  Defendants further object to this request on the grounds that it seeks documents equally available to Plaintiff through public records.

**REQUEST NO. 23:**  Documents that record, reflect or contain the number of hours and/or amount of compensation for any over time worked by Assistant Managers.

**RESPONSE:**  Defendants object to this request to the extent it seeks personal or private financial information regarding third persons who are not parties to this action.  Defendants object to this request on the grounds that it is overly broad to the extent it is not limited to salaried Assistant Store Managers.  Defendants further object to this request on the grounds that providing documents that identify or provide information regarding current employees prior to any ruling from the Court on class certification is inefficient, premature, and prejudicial. Plaintiff can establish no legitimate reason for needing "Documents that list the location or store at which Assistant Managers worked" at this stage of the litigation.  Should the Court ultimately grant class certification, then communications with any potential class members would be supervised by the Court and accomplished pursuant to a Court-approved, fair and balanced notice.

Subject to these objections, and the General Objections set forth above, Thrifty Payless responds as follows:  during the applicable time period, Plaintiff and other salaried Assistant Store Managers were was properly classified as exempt under the Oregon Labor Laws and thus received a salary for all hours worked.  Consequently, no responsive documents for salaried Assistant Store Managers exist.

**REQUEST NO. 24:**  Documents that refer or relate to Defendants' document retention, destruction or computer record keeping policies.

**RESPONSE:**  Defendants object to this request on the grounds that it is overly broad and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

17- DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
     OF DOCUMENTS

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Congress Center
1001 SW 5th Avenue, Suite 1100
Portland, OR  97204
Telephone:  877.895.6401
Facsimile:  877.895.6402

Exhibit 2
Page 17 of 22

Subject to these objections, and the General Objections set forth above, Thrifty Payless responds as follows: Thrifty Payless will produce responsive portions of the record retention guidelines and procedures as they relate to Plaintiff's claims in this matter.

**REQUEST NO. 25:** Job postings, advertisements or other vacancy listings identifying, describing or referring to the Defendants' Assistant Manager position.

**RESPONSE:** Defendants object to this request on the grounds that the phrase "[j]ob postings, advertisements or other vacancy listings" is vague and ambiguous. Defendants object to this request on the grounds that it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence to the extent it is not limited to salaried Assistant Store Managers. Defendants object to this request on the grounds that it is unduly burdensome. Defendants further object to this request on the grounds that it seeks documents equally available to Plaintiff.

Subject to these objections, and the General Objections set forth above, Thrifty Payless responds as follows: Thrifty Payless will produce job descriptions for the salaried Assistant Store Manager position, which provide the basis for any job posting.

**REQUEST NO. 26:** All documents relating to, pertaining to or reflecting Defendants' communications with others regarding this lawsuit. This Request does not include communication with Defendants' attorneys.

**RESPONSE:** Defendants object to this request on the grounds that the phrase "Defendants' communications with others" is vague and ambiguous.

Subject to this objection, and the General Objections set forth above, Thrifty Payless responds as follows: Thrifty Payless will produce documents, if any, responsive to this request.

**REQUEST NO. 27:** Organization charts relating to, referring or reflecting Defendants' stores in Oregon before the reclassification of Assistant Managers.

**RESPONSE:** Defendants object to this request on the basis that the term

18- DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
OF DOCUMENTS

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Congress Center
1001 SW 5th Avenue, Suite 1100
Portland, OR 97204
Telephone: 877.895.6401
Facsimile: 877.895.6402

Exhibit 2
Page 18 of 22

"reclassification" is vague, ambiguous, and undefined.  Defendants object to this request on the grounds that it assumes incorrectly that Defendants' stores in Oregon underwent a "reclassification of Assistant Managers."  Defendants further object to this request on the grounds that it seeks documents not relevant to Phase I certification issues and constitutes improper merits discovery.

Subject to these objections, the General Objections set forth above, Thrifty Payless responds as follows:  Thrifty Payless is presently unaware of any responsive documents created during the applicable time period.

**REQUEST NO. 28:**  Documents that relate to, refer or pertain to the reclassification of Assistant Managers as non-exempt employees, including but not limited to documents that explain, discuss and/or analyze the factors considered and the reasons for reclassifying Assistant Managers as non-exempt employees.

**RESPONSE:**  Defendants object to this request on the basis that the term "reclassification" is vague, ambiguous, and undefined.  Defendants object to this request on the grounds that it assumes incorrectly that stores in Oregon underwent a "reclassification of Assistant Managers."  Defendants further object to this request on the grounds that it seeks documents not relevant to Phase I certification issues and constitutes improper merits discovery.

Subject to these objections, and the General Objections set forth above, Thrifty Payless responds as follows:  Thrifty Payless is presently unaware of any responsive documents created during the applicable time period.

**REQUEST NO. 29:**  Job descriptions for non-exempt Assistant Manager positions.

**RESPONSE:**  Defendants object to this request on the grounds that it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence in that it seeks documents unrelated to some or all of Plaintiff's claims and is not limited to salaried Assistant Store Managers.  Defendants further object to this request on the grounds that it seeks documents

19- DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Congress Center
1001 SW 5th Avenue, Suite 1100
Portland, OR 97204
Telephone:  877.895.6401
Facsimile:  877.895.6402

Exhibit 2
Page 19 of 22

not relevant to Phase I certification issues and constitutes improper merits discovery.

Subject to these objections, and the General Objections set forth above, Thrifty Payless will produce responsive job descriptions for the Assistant Store Manager position during the requested time period.

**REQUEST NO. 30:**    Organization charts relating to, referring to or reflecting Defendants' stores in Oregon after the reclassification of Assistant Managers.

**RESPONSE:**    Defendants object to this request on the basis that the term "reclassification" is vague, ambiguous, and undefined.  Defendants object to this request on the grounds that it assumes incorrectly that stores in Oregon underwent a "reclassification of Assistant Managers."  Defendants further object to this request on the grounds that it seeks documents not relevant to Phase I certification issues and constitutes improper merits discovery.

Subject to these objections, and the General Objections set forth above, Thrifty Payless responds as follows:  Thrifty Payless is presently unaware of any responsive documents created during the applicable time period.

**REQUEST NO. 31:**  Documents that describe employee positions (both managerial and associate level) in Defendant's Oregon stores, including but not limited to job descriptions.

**RESPONSE:** Defendants object to this request on the basis that the term "employee positions" is vague and ambiguous.  Defendants object to this request on the grounds that it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence in that it seeks documents unrelated to some or all of Plaintiff's claims and is not limited to salaried Assistant Store Managers.  Defendants further object to this request on the grounds that it seeks documents not relevant to Phase I certification issues and constitutes improper merits discovery.

Subject to these objections, and the General Objections set forth above, Thrifty Payless responds as follows:  Thrifty Payless will produce responsive job descriptions for its front-end store-level employees in effect during the requested time period.

20- DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
   OF DOCUMENTS

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Congress Center
1001 SW 5th Avenue, Suite 1100
Portland, OR 97204
Telephone:  877.895.6401
Facsimile:  877.895.6402

Exhibit 2
Page 20 of 22

**REQUEST NO. 32:**  Documents relating to, describing or reflecting any changes in the duties and responsibilities of Assistant Store Managers after that position was reclassified from exempt to non-exempt.

**RESPONSE:**  Defendants object to this request on the basis that the term "employee positions" is vague and ambiguous.  Defendants object to this request on the grounds that it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence in that it seeks documents unrelated to some or all of Plaintiff's claims and is not limited to salaried Assistant Store Managers.  Defendants further object to this request on the grounds that it seeks documents not relevant to Phase I certification issues and constitutes improper merits discovery.

Subject to these objections, and the General Objections set forth above, Thrifty Payless responds as follows:  Thrifty Payless will produce responsive job descriptions for the Assistant Store Manager position during the requested time period.

Dated: September 28, 2010.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

Leah C. Lively, OSB #962414
leah.lively@ogletreedeakins.com
Telephone:    877.895.6401
Attorneys for Defendants Thrifty Payless, d/b/a/ Rite Aid and Rite Aid Corporation

21-  DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Congress Center
1001 SW 5th Avenue, Suite 1100
Portland, OR  97204
Telephone: 877.895.6401
Facsimile:  877.895.6402

Exhibit 2
Page 21 of 22

## CERTIFICATE OF SERVICE

I hereby certify that on September 28, 2010, I served the foregoing **DEFENDANTS'** **RESPONSE TO PLAINTIFF'S FIRST SET OF DOCUMENT REQUESTS PROPOUNDED TO DEFENDANTS** on:

Steve D. Larson
slarson@stollberne.com
Yoona Park
ypark@stollberne.com
Stoll Stoll et al
209 SW Oak Street, Fifth Floor
Portland, OR 97204

Seth R. Lesser
Seth@klafterolsen.com
Fran L. Rudich
Fran@klafterolsen.com
Lana Koroleva
lkoroleva@klafterolsen.com
Klafter Olson & Lesser LLP
Two International Drive, Suite 350
Rye Brook, New York 10573

☐  by **electronic** means through the Court's Case Management/Electronic Case File system, which will send automatic notification of filing to each person listed above.

☐  by **mailing** a true and correct copy to the last known address of each person listed. It was contained in a sealed envelope, with postage paid, addressed as stated above, and deposited with the U.S. Postal Service in Portland, Oregon.

☐  by causing a true and correct copy to be **hand-delivered** to the last known address of each person listed. It was contained in a sealed envelope and addressed as stated above.

☐  by causing a true and correct copy to be delivered **via overnight courier** to the last known address of each person listed. It was contained in a sealed envelope, with courier fees paid, and addressed as stated above.

☐  by **faxing** a true and correct copy to the last known facsimile number of each person listed, with confirmation of delivery. It was addressed as stated above.

☑  by **emailing** a true and correct copy to the last known email address of each person listed, with confirmation of delivery.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By _Leah C. Lively_
Leah C. Lively, OSB No. 962414
leah.lively@ogletreedeakins.com
Attorneys for Defendants Thrifty Payless, Inc. d/b/a/ Rite Aid and Rite Aid Corporation

9120962.7 (OGLETREE)

1- CERTIFICATE OF SERVICE

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Congress Center
1001 SW 5th Avenue, Suite 1100
Portland, OR 97204
Telephone: 877.895.6401
Facsimile: 877.895.6402

Exhibit 2
Page 22 of 22