**Steve D. Larson,** OSB No. 863540
Email:  slarson@stollberne.com
**Yoona Park,** OSB No. 077095
Email:  ypark@stollberne.com
STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. Oak Street, Fifth Floor
Portland, Oregon 97204
Telephone:     (503) 227-1600
Facsimile:      (503) 227-6840

**Seth R. Lesser**
Email:  seth@klfterolsen.com
**Fran L. Rudich** (Admitted *pro hac vice*)
Email:  fran.rudich@klafterolsen.com
KLAFTER OLSEN & LESSER LLP
Two International Drive, Suite 350
Rye Brook, New York 10573
Telephone:     (914) 934-9200
Facsimile:      (914) 934-9220

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| RALPH CEDANO, Individually and, on Behalf of All Other Persons Similarly Situated,<br><br>          Plaintiffs,<br><br>                     v.<br><br>THRIFTY PAYLESS, INC. d/b/a RITE AID and RITE AID CORPORATION,<br><br>          Defendants. | Case No. 3:10-CV-237 KI<br><br>MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL RE DEPOSITIONS |

Plaintiff moves this Court for an order compelling Defendants to produce Mr. Cedano's seven supervisors to be deposed. Rite-Aid has broken these supervisors into two groups.

The first group is Rite-Aid District Manager Denny Horton, and Rite-Aid Store Managers John Chamberlain and Paul Oleson. Rite-Aid agreed to schedule these three depositions for March 23 and 24, 2011. After making that agreement, and after receiving a formal Notice of those depositions, Rite-Aid unilaterally declared two days before the depositions were to occur, that it would not produce those witnesses for their depositions. The second group are four supervisors that Rite-Aid will not identify, and whose depositions Rite-Aid will not schedule.

Rite-Aid had no basis for cancelling the depositions of Messrs. Horton, Chamberlain and Oleson. Rite-Aid agreed that those depositions were to occur on March 23 and 24, 2011. Declaration of Steve Larson in Support of Motion to Compel Depositions ("Larson Dec."), Ex. 1. Plaintiff served a Deposition Notice regarding those depositions on February 23, 2011. Larson Dec., Ex. 2.

Despite the fact that these depositions (1) had been scheduled by agreement, and (2) were properly noticed, defense counsel informed counsel for plaintiff two days before the depositions were to occur that they would not produce the witnesses for their depositions. Larson Dec., Ex. 3. Counsel for plaintiff conferred with defense counsel and informed them that it was not proper to unilaterally cancel properly noticed depositions, and encouraged defense counsel to contact the court to get the matter resolved before unilaterally cancelling the depositions. However, defense counsel refused to change their position.

Rite-Aid had filed a motion for a protective order on March 10, 2011, and had asserted three reasons these depositions should not go forward. However, now it appears that Defendants have only one reason for cancelling these depositions.

{SSBLS Main Documents\8032\001\00291543-1 }

PAGE 2 - MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL RE DEPOSITIONS

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STRET
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

At first, Defendants argued that Stoll Berne's new employee, Nadine Gartner, had an actual conflict that needed to be resolved before the depositions could proceed.  Ms. Gartner is a first-year associate who has been practicing law for less than one year at Ogletree, Deakins, Nash, Smoak & Stewart ("Ogletree"), the firm that represents Rite-Aid.  On April 4, 2011, Ms. Gartner is starting a new job and will begin her employment with Plaintiff's counsel, Stoll Berne.

When first contacted by Rite-Aid's counsel about the issue, Plaintiff's counsel assured Ogletree that Stoll Berne and Ms. Gartner would provide to Ogletree the affidavits required under RPC 1.10(c). [1]  Larson Dec., ¶ 3.  Stoll Berne and Ms. Gartner had not submitted their affidavits as of the date that Defendants filed their motion for protective order, because Ms. Gartner is not due to begin her employment with Stoll Berne until April 4, 2011.  However, both Stoll Berne and Ms. Gartner served Ogletree with their affidavits prior to the date scheduled for the depositions, and defense counsel has now agreed that this issue should not preclude the depositions from going forward.  Larson Dec., Ex. 4.

At first, Defendants also argued that these depositions should not go forward until the U.S. Supreme Court rendered a decision in *Dukes v. Wal-Mart*.  However, based on the recent communications with defense counsel, it now appears that the sole reason for the cancellation of the depositions is defense counsel's concern about communicating with store managers.  Larson Dec., ¶ 3.  In any event, the U.S. Supreme Court granted *certiorari* in the *Dukes v. Wal-Mart*

---

[1] RPC 1.10(c) mandates that a lawyer in Ms. Gartner's position shall serve an affidavit on his or her former law firm attesting that they will "not participate in any manner in the matter or the representation and will not discuss the matter or the representation with any other firm member."  RPC 1.*10*(c)(1).  The rule also requires a member of the new law firm to provide an affidavit attesting that "all firm members are aware of the requirement that the personally disqualified lawyer be screened from participating in or discussing the matter or the representation and describing the procedures being followed to screen the personally disqualified lawyer."  RPC 1.10(c)(2).

{SSBLS Main Documents\8032\001\00291543-1 }
PAGE 3 -  MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL RE DEPOSITIONS
STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

case on December 6, 2010—over three months ago. *See Wal-Mart Stores, Inc. v. Dukes, et al.,* 131 S.Ct. 795 (Mem.) (Dec. 6, 2010) (Order Granting *Certiorari*), attached as Ex. 6 to the Park Dec. Defendants scheduled these three depositions long after certiorari was granted in *Dukes v. Wal-Mart*, so *Dukes* can serve as no rationale for cancelling these depositions.

More significantly, the *Dukes v. Wal-Mart* decision will have no impact on discovery in this case. The U.S. Supreme Court's grant of *certiorari* in *Dukes v. Wal-Mart* was limited to two issues: (1) whether it was proper to certify a class seeking monetary relief under Federal Rule of Civil Procedure 23(b)(2), which by its terms is limited to injunctive and corresponding declaratory relief, and (2) whether certification under Rule 23(b)(2) was consistent with the requirements of Rule 23(a). *Dukes v. Wal-Mart,* 131 S. Ct. 795 (Mem.) (Dec. 6, 2010) (Order Granting *Certiorari*).[2] The U.S. Supreme Court has not certified any issues relating to discovery in class actions.

Further, the court's decision in *Dukes v. Wal-Mart* is unlikely to have any impact on this overtime class action against Rite-Aid, because it is a totally different kind of case. The *Dukes* case is a civil rights gender discrimination case brought under Title VII. 42 USC § 2000e-5(g) provides that if the court finds that an employer has intentionally engaged in an unlawful discriminatory employment practice, it can enjoin the practice and order the employer to pay back pay and punitive damages. The U.S. Supreme Court's grant of *certiorari* in *Dukes* is focused on whether the certification of an injunctive class seeking back pay under Fed. R. Civ.

---

[2] The Order Granting *Certiorari* refers to "Question I presented by the petition [for *certiorari*]," without stating the text of Question I. Question I from the petition for *certiorari* reads: "Whether claims for monetary relief can be certified under Federal Rule of Civil Procedure 23(b)(2) - which by its terms is limited to injunctive or corresponding declaratory relief - and, if so, under what circumstances." *Wal-Mart Stores, Inc. v. Dukes, et al.,* 2010 WL 3355820 at *1 (August 25, 2010) (Petition for Writ of *Certiorari*). For the Court's convenience, Plaintiff has attached a copy of the *Dukes* Petition for *Certiorari* as Ex. 6 to the Larson Dec.

{SSBLS Main Documents\8032\001\00291543-1 }
PAGE 4 - MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL RE DEPOSITIONS

Proc. 23(b)(2) was appropriate given that Rule 23(b)(2) by its terms is limited to injunctive and declaratory relief.

Here, Plaintiff is not seeking to certify an injunctive class that seeks monetary damages under Fed. R. Civ. Proc. 23(b)(2). The Oregon Wage and Hour Laws do not provide for a remedy that simultaneously allows an injunctive class to seek monetary damages under the same provision that allows for injunctive relief, like that provided for in Section 2000e-5(g) of Title VII. Consequently, the decision by the U.S. Supreme Court in *Dukes v. Wal-Mart* should have no impact on the class certification issues presented in the instant case, which seeks certification of state law overtime claims.

Rather than relying on these two arguments when cancelling the depositions, Defendants argued that it needed to cancel these depositions until an issue involving a potential conflict of interest was resolved. Rite-Aid said it was concerned that communicating with store managers who had opted into a collective action by store managers seeking the payment of overtime from Rite-Aid (the "*Indergit* Opt-Ins") might create conflict issues. However, none of the three depositions that were unilaterally cancelled by Rite-Aid involved a person that was an *Indergit* Opt-In. This argument was a complete red herring, because there is nothing whatever that would prevent Rite-Aid from talking to these witnesses. *See* Larson Dec., Ex. 5.

With respect to the second group of supervisors – those that are *Indergit* Opt-Ins, Rite-Aid's entire argument as to a supposed "conflict" is much ado about nothing. Those store managers are *represented by lawyers in other cases* involving their employment at Rite-Aid, and in fact, are suing Rite-Aid represented by those lawyers. Their claims against Rite-Aid involve matters that will be addressed at their depositions. Accordingly, Rite-Aid's counsel can certainly have no communications with such store managers regarding the issues in the *Indergit* case

{SSBLS Main Documents\8032\001\00291543-1 }

PAGE 5 -   MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL RE DEPOSITIONS

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

without the consent of their *Indergit* counsel. Plaintiff's counsel have offered to inform *Indergit* counsel about the schedule for these depositions, so they can appear to represent their clients, but defense counsel both refuses to identify the individuals and insists that everything has to stop here.

In short, Defendants' actions in unilaterally cancelling the depositions of Messrs. Horton, Chamberlain and Oleson and in refusing to schedule other depositions were improper and should be dealt with appropriately. The court should enter an order requiring these depositions to be scheduled promptly, and the court should order such other relief as it deems appropriate.

For all of these reasons, Plaintiff respectfully requests that the Court grant its motion to compel.

DATED this 24th day of March, 2011.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.

By:  /s/ Steve D. Larson
    Steve D. Larson, OSB No. 863540
    Yoona Park, OSB No. 077095
209 S.W. Oak Street, Fifth Floor
Portland, Oregon 97204
Tel:   (503) 227-1600
Fax:   (503) 227-6840
Email: slarson@stollberne.com
       ypark@stollberne.com

and

KLAFTER OLSEN & LESSER LLP
**Seth R. Lesser**
**Fran L. Rudich** (Admitted *pro hac vice*)
Two International Drive, Suite 350
Rye Brook, New York 10573
Tel:   (914) 534-5200
Fax:   (914) 534-5220
Email: Seth@klafterolsen.com
       Fran@klafterolsen.com

**Attorneys for Plaintiffs**

{SSBLS Main Documents\8032\001\00291543-1 }
PAGE 6 - MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL RE DEPOSITIONS
STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840